**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12 CR 726 |
| **LORENZO TRUJILLO**, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

In connection with the forthcoming criminal trial of defendant Lorenzo Trujillo ("Trujillo"), the Government has tendered (1) its Motion To Admit Evidence Pursuant to Federal Rule of Evidence 801(d)(2)(E) ("Santiago Proffer") and (2) the Government's Motions In Limine. Counsel for Trujillo has responded to both. This memorandum order will deal with both Government submissions, though no particularly extended discussion is needed because the parties' written positions -- though arriving at very different conclusions -- are often pretty much on the same page as to the legal principles involved (that said, however, as always the proof of the pudding will depend on the litigants' trial conduct).

As for the Santiago Proffer, the Government's presentation adheres to its normal pattern by providing an overview of the charged conspiracy (Motion at 2) and a rehearsal of the governing law (id. at 2-9), followed by this capsule summary of its proposed evidence (id. at 10):

> In addition to the statements of defendant and Individual A [Trujillo's father], this proffer cites evidences of corroborating meetings between CS-1 [a confidential source] and defendant, surveillance, defendant's admissions to CS-1, cash delivered to CS-1 from defendant and documentary evidence.

That brief summary characterization is followed by an excruciatingly detailed narrative of the Government's anticipated evidentiary presentation (id. at 11-18).

Defense counsel's brief response to the Santiago Proffer does not quarrel with the underlying principles of conspiracy proof. Instead it focuses in part on the fact that the indictment charges a conspiracy that existed during the period beginning about December 21 and continuing through about December 31, 2011 -- and that is argued by Trujillo's counsel to bar on hearsay grounds "any statements made by alleged co-conspirators that fall outside of this timeline." That oversimplistic response simply ignores the obvious fact that proof of the conspiracy during the stated period can be established in part by a showing that the conspiracy also antedated and postdated those specific dates. Nor do any of the other broad-based arguments advanced by Trujillo's counsel carry the day either (indeed, his counsel actually makes the bizarre argument that this Court should adhere to the dissent rather than to the majority opinion in the seminal Bourjaily v. United States, 483 U.S. 171 (1987) decision!!).

In sum, the Government's statement of principles is correct, and those principles support the admissibility of the evidence as forecast in the Santiago Proffer's detailed presentation. Trujillo's counsel's arguments to the contrary reveal a skewed view of the hearsay rule, as well as a misunderstanding of the impact of the nonhearsay provisions of Fed. R. Evid. 801(d)(2)(E). It should however be added that if in the context of trial some such objection by Trujillo's counsel to some piece of the Government's proposed evidence were to prove to be a figurative evidentiary nugget rather than the silt represented by Trujillo's overall presentation, this Court would of course be prepared to consider the objection on its merits.

As for the three matters adverted to in the Government's Motions In Limine, the first is an objection to any defense argument that partakes of an invitation to jury nullification. Each side's presentation professes a commitment to that principle (including the nonusage of the so-called "Golden Rule") but insists that the other side is equally bound by that standard. This Court grants the Government's motion in that respect, and it will hold both of the parties to the commitment to which they both profess adherence. As for the rest of the Government's first motion, which also seeks to bar evidence as to any of Trujillo's non-pertinent character traits (see Fed. R. Evid. 404(a)(1)) or as to Trujillo's other and lawful conduct except as permitted by Fed. R. Evid. 405(a), that too is granted.

Next, the Government's second motion seeks "to preclude counsel from requesting discovery from witnesses or opposing counsel, moving the Court for such discovery, or otherwise commenting on discovery matters, in the presence of the jury." Trujillo's counsel responds (citation omitted):

> The defendant's right to confrontation gives counsel the right to cross-examine law enforcement on their investigation of the Defendant. Accordingly, counsel may inquire into certain procedures that were not followed, and may cross-examine law enforcement regarding the evidence that was not obtained in the case.
>
> Counsel does not intend to make on-the-spot discovery requests or comments regarding discovery in front of the jury.

Both parties are right. Again each will be held to its or his word.

Finally, the Government seeks to preclude any effort by Trujillo's counsel to define "reasonable doubt." In the Seventh Circuit that is a no-brainer, having been stressed time and again by our Court of Appeals. Trujillo's counsel responds by invoking caselaw that has found

the Government to have committed error in several related respects -- but those cases do not derogate from the principle advanced by the Government, and accordingly its motion is granted.

**Conclusion**

All aspects of the Government's motions (Dkts. 62 and 63) are granted. In addition, certain limited aspects of Trujillo's responses are confirmed as stated in this memorandum order and will be adhered to at trial.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 22, 2014